# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ADAM CRESPIN,

    Plaintiff,

vs.                                                                       No. 18-cv-0946 KWR-KRS

DAVID JABLONSKI, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Adam Crespin's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1-1). Crespin seeks to prosecute a class action lawsuit on behalf of all New Mexico inmates based on the lack of rehabilitative resources in the Predatory Behavior Management Program. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend the individual claims.

**I. Background**[1]

Crespin is incarcerated at the Penitentiary of New Mexico (PNM). In late 2016 or early 2017, he had an altercation with a fellow prisoner. (Doc. 1-1 at 7). Prison officials issued a misconduct report, which Crespin characterizes as an "overcharge." *Id.* On January 27, 2017, Crespin was placed in the Predatory Behavior Management Program (PBMP) at PNM. *Id.* Prison officials confiscated all or most of his personal property upon entering the program. *Id.* Crespin spent over a year in solitary confinement, where prison officials purportedly "denied [him] tools to better himself" so that he "can be productive in society." *Id.* at 8. Crespin is particularly focused on the absence of rehabilitative programs. *Id.* He contends he was denied access to programs on

---

[1] The background facts are taken from Crespin's Complaint and attached exhibits (Doc. 1-1). For the limited purpose of this ruling, the Court assumes his allegations are true.

interpersonal relationships, anger management, conflict resolution, and maintaining empathy for victims. *Id.* at 16, 17. Without these programs, Crespin could not earn good-time credits through the PBMP. *Id.* at 17.

Crespin originally filed the Complaint in New Mexico's First Judicial District Court on August 29, 2018. The Complaint purports to initiate a class action lawsuit to "bring reform and awareness to the New Mexico Department of Corrections [NMDOC]" and protect the civil rights of its inmates. (Doc. 1-1 at 7). Crespin also appears to raise individual claims under the Eighth Amendment based on his conditions of confinement in the PBMP program. *Id.* He seeks at least $100,000 in damages and asks the Court to enter an "injunctive consent decree … against the inadequate programming of … PBMP." *Id.* at 12. The Complaint names three Defendants: David Jablonski, the New Mexico Secretary of Corrections; German Franco, the Director of Corrections; and Wendy Perez, the Unit Manager and Deputy Warden of PNM. (Doc. 1-1 at 3). Defendants removed the Complaint to this Court and paid the filing fee, and the matter is ready for review.

## II. Standard of Review

The Court has discretion to dismiss an inmate-complaint *sua sponte* if it frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A; *Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (Section 1915A permits *sua sponte* review of inmate complaints that are removed from state court). The Court may also dismiss a complaint under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

**III. Screening the Complaint**

Crespin's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint here fails to state a cognizable § 1983 claim, for several reasons. First, as a *pro se* plaintiff, Crespin cannot prosecute a class action lawsuit on behalf of other inmates. *See* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing the general rule that class representatives cannot appear *pro se*). As the Tenth Circuit explained, "the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Any class action claims must therefore be dismissed with prejudice.

To the extent Crespin asserts individual claims, he is still not entitled to relief from any Defendant. A plaintiff cannot recover damages from the New Mexico Secretary of Corrections where the Secretary acted in his or her official capacity. *See Florez v. Johnson*, 63 Fed. App'x 432, 435 (10th Cir. 2003) (prohibiting official capacity claims against the New Mexico Secretary of Corrections) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Crespin's only allegation against Jablonski is that he "is responsible for all [NMDOC] staff and operations." (Doc. 1-1 at 6). The Court therefore discerns that Jablonski approved the PBMP in his official capacity as the Secretary of Corrections, and any claims for money damages is barred. Crespin is also not entitled to injunctive relief against Jablonski. Although such relief is theoretically available against state officials, *see Thompson v. Colorado*, 278 F.3d 1020, 1024 (10th Cir. 2001), the request for an "injunctive consent decree" requiring the PBMP to provide better behavioral-management programs is frivolous. All claims against Defendant Jablonski therefore fail.

As to Crespin's claims against Director German Franco and Unit Manager and Deputy Warden Wendy Perez, the Complaint does not specify how these individuals were personally involved in the alleged constitutional violation. Prison supervisors cannot be held liable solely

4

because they employ or oversee a tortfeasor. They can only be liable if they promulgate an official policy that leads to the constitutional violation. *See Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can only face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights"). Crespin has not alleged that Franco or Perez promulgated any specific policy that subjected him to unconstitutional conditions of confinement in the PBMP program. Consequent, the claims against Franco or Perez fail.

The Court also observes that even if Crespin named a person subject to liability, the Complaint does not state a cognizable Eighth Amendment claim. The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998) (quotations omitted) (setting out the two-part test).

Setting aside the class action claims,[2] the allegations pertaining to Crespin's confinement are far too general to satisfy that standard. The Complaint simply alleges that during Crespin's PBMP placement, he lived in solitary confinement for over a year; was not permitted to have his

---

[2] The Court disregarded Crespin's allegations about how other "mentally ill prisoners live in filth and bang on their sinks all day" and are "stuck in rooms without decent ventilation." (Doc. 1-1 at 7). If these allegations were also meant to describe Crespin's conditions of confinement, he can include them in the amended complaint.

personal effects in his cell; and could not access enough rehabilitative programs. (Doc. 1-1 at 7-8, 16-17). The Complaint contains no information about whether he received basic necessities, recreation time, or other privileges. Moreover, Crespin has not alleged any Defendant was subjectively aware of potential harm, or that he suffered any physical injury as a result of the PBMP placement. While "mental and emotional distress can constitute a compensable injury in suits for damages under 42 U.S.C. § 1983 based upon violations of constitutional rights," "such suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999).

For these reasons, Crespin failed to state a claim based on his conditions of confinement. The Court will dismiss the Complaint under 28 U.S.C. § 1915A. The Tenth Circuit counsels that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Crespin may file an amended complaint within thirty (30) days of entry of this Opinion. If he declines to timely file an amended complaint or files an amended complaint that fails to state a constitutional claim, the Court will dismiss the case without further notice.

**IT IS ORDERED** that Plaintiff Adam Crespin's Prisoner Civil Rights Complaint (Doc. 1-1) is **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within 30 days of entry of this Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE