IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM CRESPIN,

    Plaintiff,

vs.   No. 18-cv-0946 KWR-KRS

DAVID JABLONSKI, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court following Plaintiff Adam Crespin's failure to file an amended civil rights complaint. Crespin is incarcerated and appears *pro se*. He originally commenced this action in New Mexico's First Judicial District Court. (Doc. 1-1). On October 11, 2018, Defendants removed the Complaint to Federal Court. (Doc. 1). The original Complaint purported to bring a class action lawsuit on behalf of all New Mexico inmates based on the lack of rehabilitative resources in the Predatory Behavior Management Program (PBMP). (Doc. 1-1 at 7). Crespin also appeared to raise individual claims under the Eighth Amendment based on his conditions of confinement in the PBMP. *Id.* The original Complaint alleged that prison officials confiscated Crespin's property and refused to provide programs on interpersonal relationships, anger management, conflict resolution, and maintaining empathy for victims. *Id.* at 16, 17. Without these programs, Crespin could not earn good-time credits through the PBMP. *Id.* at 17.

On April 2, 2020, the Court screened the original Complaint pursuant to 28 U.S.C. § 1915A and determined Crespin failed to state a cognizable claim. (Doc. 10). The ruling observed that a *pro se* plaintiff cannot prosecute a class action lawsuit on behalf of all New Mexico inmates. *See*

7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1; *Fymbo v. State Farm Fire and Cas. Co*., 213 F.3d 1320, 1321 (10th Cir. 2000).  Crespin also failed to demonstrate how any Defendant was personally involved in the alleged wrongdoing.  Further, even if he named a person subject to liability, the original Complaint failed to demonstrate Crespin was deprived of the "minimal civilized measure of life's necessities."  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).  Crespin merely alleged that he lived in solitary confinement for over a year; was not permitted to retain personal property in the PBMP; and could not access sufficient rehabilitative programs. (Doc. 1-1 at 7-8, 16-17).  The original Complaint contained no information about whether he was deprived of basic necessities.  Moreover, Crespin did not allege any Defendant was subjectively aware of a serious harm, or that he suffered any physical injury as a result of the PBMP placement.  The Court therefore dismissed the original Complaint without prejudice.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Crespin was given an opportunity to cure any defects in his original pleading.  The ruling warned that if Crespin failed to timely file an amended complaint, the Court would dismiss the case without further notice.  The deadline to amend was May 4, 2020.  Crespin did not comply or otherwise respond to the Memorandum Opinion and Order.  The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a cognizable claim.  All federal claims will be dismissed with prejudice.  To the extent the original Complaint (Doc. 1-1) raised any pure state law claims, those claims will be dismissed without prejudice.

**IT IS ORDERED** that all federal claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1); any pure state law claims raised in the original Complaint (Doc. 1-1) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil

case.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE